IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WINFORD MOSES STEWART,

    Plaintiff,

v.

DANE CO. JAIL DEPUTIES AND DR. KIM,

    Defendants.

ORDER

Case No. 14-cv-97-wmc

In response to this court's February 14, 2014 order, plaintiff Winford Moses Stewart has submitted an account activity ledger for the period preceding his complaint. Accordingly, the court must determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of the $350.00 fee for filing this case.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of plaintiff's average monthly deposits is $32.23. For this case to proceed, plaintiff must submit this amount on or before March 26, 2014. Plaintiff should show a copy of this order to jail officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

In addition, the court notes that plaintiff has filed a request for the court to appoint a lawyer to assist him with this case. (Dkt. #5). It is well established that civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Luttrell v. Nickel*,

129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867. Until the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A, any motion requesting the assistance of volunteer counsel must be denied as premature. The court will reconsider plaintiff's request after it has completed the screening process.

ORDER

IT IS ORDERED that,

1. Plaintiff Winford Moses Stewart is assessed $32.23 as an initial partial payment of the $350.00 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $32.23 on or before March 26, 2014. If, by March 26, 2014, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

2. Plaintiff's motion for appointment of counsel (Dkt. #5) is DENIED without prejudice to reconsideration.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 28th day of February, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge